IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA EQUITY MANAGEMENT GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AURORA JIMENEZ and DOES 1-10,<br><br>Defendants. | Case No. 13-cv-1222 JSC<br><br>**ORDER TO SHOW CAUSE TO DEFENDANT** |

Plaintiff brought this state law unlawful detainer action against Defendants Aurora Jimenez and Does 1-10 in the Superior Court of California for the County of Alameda. Defendant Jimenez, representing herself, subsequently purported to remove the action to this Court on the basis of federal question jurisdiction. Defendant alleges that "[t]he complaint presents federal questions." (Dkt. No. 1 at ¶ 6.) In particular, she explains that "Defendants' demurrer, a pleading depend on the determination of Defendants' rights and Plaintiff's duties under federal law." (*Id.* at ¶ 10.)

Defendant, as the party seeking removal to this federal court, bears the burden of establishing that subject matter jurisdiction exists, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992).

Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). The Court has reviewed the Notice of Removal and determined that federal question jurisdiction does not exist.

"Federal question jurisdiction exists only when a federal question exists on the face of a well-pleaded complaint." *ING Bank, FSB v. Pineda*, No. 12-2418, 2012 WL 2077311, at *1 (N.D. Cal. June 8, 2012). The removed complaint makes only a state law claim for unlawful detainer. (Dkt. No. 1 at ¶¶ 7-10.)  Therefore, this Court does not have federal question jurisdiction. *ING Bank, FSB,* 2012 WL 2077311, at *1. That Defendant's demurrer raised federal questions is irrelevant; a defendant cannot create federal subject matter jurisdiction by adding claims or raising defenses. *Holmes Group, Inc. v. Vornado Air Circulation*, 535 U.S. 826, 830-31 (2002); *Federal Nat. Mortg. Ass'n v. Sue Lin Poh*, No. 12-2707, 2012 WL 3727266, at *2 (N.D. Cal. Aug. 28, 2012) (remanding removed unlawful detainer action).

Accordingly, Defendant is ordered to show cause why this case should not be remanded to the Alameda County Superior Court. In particular, if Defendant believes that this Court has subject matter jurisdiction, she shall file a response in writing by **April 15, 2013** that demonstrates why this Court has jurisdiction. Defendant is warned that failure to file a response may result in remand of this action to state court for lack of federal jurisdiction.

**IT IS SO ORDERED.**

Dated:  March 25, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE