1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT
8                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10
11
12  CALIFORNIA EQUITY                    Case No. 13-cv-1222 JSC
    MANAGEMENT GROUP, INC.,
13                                        **ORDER TO SHOW CAUSE TO**
                  Plaintiff,              **DEFENDANT**
14
        v.
15
16  AURORA JIMENEZ and DOES 1-10,
17                  Defendants.
18
19          Plaintiff brought this state law unlawful detainer action against Defendants Aurora
20  Jimenez and Does 1-10 in the Superior Court of California for the County of Alameda.
21  Defendant Jimenez, representing herself, subsequently purported to remove the action to this
22  Court on the basis of federal question jurisdiction. Defendant alleges that "[t]he complaint
23  presents federal questions." (Dkt. No. 1 at ¶ 6.) In particular, she explains that "Defendants'
24  demurrer, a pleading depend on the determination of Defendants' rights and Plaintiff's duties
25  under federal law." (*Id.* at ¶ 10.)
26          Defendant, as the party seeking removal to this federal court, bears the burden of
27  establishing that subject matter jurisdiction exists, and courts strictly construe the removal
28  statute against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992).

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Further, when a case is removed to federal court, the court has an independent obligation to

2   satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d

3   1115, 1116 (9th Cir. 2004). The Court has reviewed the Notice of Removal and determined

4   that federal question jurisdiction does not exist.

5       "Federal question jurisdiction exists only when a federal question exists on the face of

6   a well-pleaded complaint." *ING Bank, FSB v. Pineda*, No. 12-2418, 2012 WL 2077311, at *1

7   (N.D. Cal. June 8, 2012). The removed complaint makes only a state law claim for unlawful

8   detainer. (Dkt. No. 1 at ¶¶ 7-10.)  Therefore, this Court does not have federal question

9   jurisdiction. *ING Bank, FSB,* 2012 WL 2077311, at *1. That Defendant's demurrer raised

10  federal questions is irrelevant; a defendant cannot create federal subject matter jurisdiction by

11  adding claims or raising defenses. *Holmes Group, Inc. v. Vornado Air Circulation*, 535 U.S.

12  826, 830-31 (2002); *Federal Nat. Mortg. Ass'n v. Sue Lin Poh*, No. 12-2707, 2012 WL

13  3727266, at *2 (N.D. Cal. Aug. 28, 2012) (remanding removed unlawful detainer action).

14      Accordingly, Defendant is ordered to show cause why this case should not be

15  remanded to the Alameda County Superior Court. In particular, if Defendant believes that this

16  Court has subject matter jurisdiction, she shall file a response in writing by **April 15, 2013**

17  that demonstrates why this Court has jurisdiction. Defendant is warned that failure to file a

18  response may result in remand of this action to state court for lack of federal jurisdiction.

19

20      **IT IS SO ORDERED.**

21

22  Dated:  March 25, 2013

23                                              _____

24                                              JACQUELINE SCOTT CORLEY
                                                UNITED STATES MAGISTRATE JUDGE
25

26

27

28

2